To the Court of Criminal Appeals:

Thursday
August 27, 2015
83,787-01

Please keep this copy of Defendant Overille Denton Thompson's Application for Pre-Trial Writ of Habeas Corpus as evidence of my submission to the trial court via Chris Daniel, Harris County District Clerk.

Overille D. Thompson Jr.
Overille Denton Thompson Jr.

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 02 2015

Abel Acosta, Clerk

| EX PARTE | THE DISTRICT COURT OF |
|---|---|
| OVERILLE DENTON THOMPSON, | HARRIS COUNTY, TEXAS |
| APPLICANT, | 185TH JUDICIAL DISTRICT |

— DEFENDANT OVERILLE DENTON THOMPSON'S APPLICATION FOR —

PRE-TRIAL WRIT OF HABEAS CORPUS

TABLE OF CONTENTS

1. A Letter to Respondent     PREAMBLE Pages 1-3

   Preamble to Writ of Habeas Corpus

2. Affidavit of Overille Denton Thompson in     AFFIDAVIT Pages 1-2

   Support of Petition for Writ of Habeas Corpus

3. Affidavit II of Overille Denton Thompson in     AFFIDAVIT II Pages 1-3

   Support of Petition for Writ of Habeas Corpus

4. Title Page -     Page 1

   Heading

   Jurisdictions

ES0085-01-07

5. I. Facts —                                                                    Pages 2-5

    Challenging the Constitutionality of Defendant's Restraint

    on Circumstantial and/or Hearsay Evidence of W.F. Waters'

6. II. Arguments and Authorities —                                               Pages 6-12

    (Based on Facts in Provision I)

7. III. Facts —                                                                  Pages 13-14

    Challenging Illegal Restraint on Excessive Bail Amount

8. IV. Arguments and Authorities                                                 Pages 15-18

    (Based on Facts in Provision III)

9. Prayer for Relief                                                             Page 19

10. Verification                                                                 Page 20

11. Certificate of Compliance                                                    Page 21

12. Certificate of Service                                                       Page 22

13. Appendix                                                                     Pages 23-25

ES0085-01-07

I, Overille Denton Thompson, a citizen of these United States of America, despite the injustices heaped upon me by the County of Harris and State of Texas, do hereby depose and affirm my belief in God and what is fundamentally right. In so doing, I must confess that I am something very far from perfect. But can this sufficiently justify that for which I have been wrongly accused? Respectfully I request that the Court in its great wisdom sees forth to honoring that which is just - the constitutional and statutory laws handed down to us by our forefathers, that which all of whom serve the judicial system have sworn to uphold. I would also request of the Court to please scrutinize every matter that comes before it, and if finding fault, to hold all parties accountable that are found to be in error. This being said, I will now present to the Court a theory, that unlike my accusers, will be supported with material facts and/or issues that raise such.

This theory takes root on July 27, 2015 at a proceeding deemed a Consultation, in the court hold-over with court-appointed attorney, Tommy LaFon, whereupon I was told by he that the informer, Meredith Daniels, had informed the police, or rather misinformed the police that there were two dead bodies covered in lime salt buried in my residence at 2505 Mckee Street / Houston, Texas 77009. This would at least provide a motive for what transpired next, for though perhaps in good faith and/or intentions, the police knowingly broke the law and purposefully fabricated physical evidence, namely an AFFIDAVIT, of which was used to wrongly acquire a search warrant to enter aforesaid residence. The search was supposedly for crack-cocaine, another piece of misinformation disseminated by police informer, Meredith Daniels. The result was my unlawful arrest, and no crack-cocaine was ever discovered at said residence; but significantly, nor was the true, underlying object of the police search - two dead bodies in lime salt.

This is the part I find frustrating and extremely confusing, what does Tommy LaFon gain in exchange for assisting prosecutors in delaying what is just - due process of law?

I have filed numerous motions to relieve the cases with no results. I have asked Tommy LaFon, both in person and through the State Bar/CAAP, to request written ruling on these motions with no results. He has stonewalled my mother and lied to her on numerous occasions. On June 2, 2015, I was to attend a Suppression Hearing and subsequent Trial, of which Tommy LaFon has against my wishes delayed indefinitely with insufficient showing of overriding necessity for such, being this new case which at the time was only 13 days in age. My intent and readiness for trial is a matter of record. Others notified of my intent were the State Commission of Judicial Conduct, Senators Richard Grassley, John Whitmire, and Rodney Ellis, Madam Attorney General Loretta E. Lynch, just to name a few, including yourself, Honorable Madam Judge, and Tommy LaFon, himself, seemingly to no effect. So I ask again, why would Tommy LaFon forsake his duty, possibly jeopardize his career and toy frivolously with a human beings life? Is not a man's life or liberty sacred anymore? Was it just poor decision-making, or simply underestimating the might of right? Is it a pattern long established from years of judicial abuse, or just simple incompetence? Conspiratorial effort or gross negligence? Maybe it is just the return of a professional favor... In truth, it matters not, for I have a news flash..., I care, and I will make it my life long goal to bring to justice those who think it is OK to enforce that law by breaking it.

Here is another news flash..., unlike the facts offered by law enforcement authorities in all four (4) of my cases, the facts I offer not only raise fact issues but can be supported by record as well. What does this mean? That unlike my accusers, I am not just making this stuff up. Lies have been told. Information has been withheld. Documents intended to be legitimate government records have been fabricated and the only way to determine truth is through some kind of examining trial.

This action should not be misinterpreted as simply a meager attempt to wiggle out of a tight situation, but also as a means to bring light to that which the Respondent in the four (4) cases may not be aware, and that simply is the Truth. Justice. Just ice.

PREAMBLE

ES0085-01-07

Page 2 of 3

Just that. Cold, hard truth, and that is that crimes have been committed in all four (4) cases that I am accused; ironically though, it is not I that have perpetrated the crimes, but those who have dutifully sworn to fight against it.

A fact-finding mission of some kind must be sought to determine truth, so it is my humble prayer the Court and Respondent heed the challenge and issue this Writ of Habeas Corpus; for it is now not just a man's liberty that is at stake but also the life that accompanies it as well.

STATE OF TEXAS
COUNTY OF HARRIS

Overille Denton Thompson, being duly, under oath says:

"I am the author of this action and know the contents of the above Preamble to Writ of Habeas Corpus, and according to my belief, the facts stated in the document are true."

L JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 29, 2017

_Overille Denton Thompson, Jr._
Overille Denton Thompson, Jr.

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27 DAY OF August 2015.

<u>AFFIDAVIT OF OVERILLE DENTON THOMPSON IN</u>

<u>SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS</u>

STATE OF TEXAS

COUNTY OF HARRIS

I, Overille Denton Thompson, first being duly sworn depose and say:

1. I am the Defendant in Cause Number 1468823 in which I am charged with the offense of Murder. I was charged on May 19, 2015, and am at present confined in the Harris County Jail in Houston, Texas. Bail has been fixed in the amount of $75,000.

2. I am unable to post bail in that amount and believe that the amount is excessive for the following reasons:

   a. I have three (3) other pending cases, and the total bail with those included is actually $135,000,

   b. I am indigent, and even with the help of faithful friends and family, cannot enter into total bail amount,

   c. the evidence presented in this case is circumstantial and/or hearsay evidence, and is not sufficient to justify restraint, and

   d. there is no evidence of apparent guilt in this matter and the bail should reflect such.

3. I have resided in Houston, Harris County, Texas, for 7 years. My present address is irrelevant because I have been prejudiced by oppressive pretrial restraint in the three (3) old pending cases since October 22, 2014. What is relevant is my intention to reside in this city and county indefinitely, or until when I collect collect civil damages from the aforesaid entities for my wrongful incarceration in this and all related matters (the three (3) old pending cases).

AFFIDAVIT

ES0085-01-07

4. If released on my own recognizance, I will appear at all times and places as ordered by the 185th Judicial District Court releasing me, and as ordered by any court in which the charge may be subsequently pending.

L JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 29, 2017

_____
Name of Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27 DAY OF August 2015.

_____
Signature of Notary Public

STATE OF TEXAS,
COUNTY OF HARRIS

1. I, Overille Denton Thompson, first being duly sworn depose and say, that in a submitted Motion for Evidentiary Hearing, Petition for Writ of Habeas Corpus for Bond Reduction, and Motion to Dismiss, have litigated about the inadequate counsel I receive in the guise of court-appointed attorney, Tommy LaFon. Because of these submitted documents, as well as correspondences to the Respondent in the 185th Judicial District Court, the Court is knowledgeable of Tommy LaFon's insufficiency and ineffectiveness as counsel for defense in the three (3) old pending cases, which is evident in his recent filings as:

    A. He has only filed motions for discovery in the new case for appearances, yet in 8 months he never filed these motions to prepare for trial in the three (3) old pending cases.

    B. He has filed a useless motion to bring forth an informant in the three (3) old pending cases, that has already willfully come forth in the new case.

2. Tommy LaFon refuses to fulfill his constitutional duties to assist his client as counsel for defense. On the contrary, his actions have only served to help facilitate my unlawful and oppressive restraint in that:

    A. He has not filed the appropriate motions to prepare for trial or remedy the three (3)

old pending cases, i.e. Motion for Discovery, to dismiss, for required bond reduction, for evidentiary hearing, etc.

B. He advised me wrongly to accept 5 years TDCJ in the three(3) old pending cases on March 23, 2015, knowing fully the merits to exculpate.

C. He filed three(3) mock motions to suppress, of which he advised would only eliminate the Tomball Police matter, but make sustainable the two Houston Police matters.

D. He then on June 2, 2015, set me backward in the due process of the three(3) old pending cases against my will and better interest, by suspending indefinitely the Pre-Trial Suppression Hearing and subsequent Trial on the merits, weakly and insufficiently using the new allegation as necessity for such; and the record will show at the time of this action the new allegation was only 13 days in age.

E. I have received the complaint in record from my mother, Aquila Wiggins, in which states in the heading quite plainly that, all four (4) matters are related, which means that Tommy LaFon lied to me, his client, on two (2) separate occasions [June 2, 2015 and July 27, 2015], when I was told by him that the four(4) matters were unrelated.

F. I have asserted my right to relief in the the three (3) old pending cases through personal submission to the Court in motions and petitions, all of which have been unfairly ignored by the Respondent because inadequate counsel, Tommy LaFon, refuses to rightly adopt them. They are as follows:

(i) Motion for Discovery,
(ii) Motion to Dismiss with supporting affidavit,

(iii) Petition for Writ of Habeas Corpus for Bond Reduction with supporting affidavit,

(iv) Evidentiary Hearing with supporting affidavit,

G. Tommy LaFon has admitted on June 1, 2015 to having had knowledge of criminal procedure to remedy the three (3) old pending cases months prior, namely an EVIDENTIARY HEARING, and he has refused to exercise or assert my right to such, despite pleas to the contrary,

3. Tommy LaFon's conspiratorial efforts to aid and abet prosecutors has crossed the line of malicious prosecution into the realm of judicial persecution, and is evidenced in his handling of the three (3) old pending cases. So whether intentional gross misconduct or simple mere incompetence, Tommy LaFon's presence in my cases are a liability and the Court should now remove him, having undeniable knowledge of such,

4. I have been prejudiced by Tommy LaFon's handling of my cases in ways that cannot easily be measured, but be assured, in a civil matter for his intentional misrepresentation and/or negligence, every attempt shall be made to do such,

L. JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 20, 2017

Name of Affiant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27 DAY OF August, 2015,

NO. 1468823

EX PARTE                                    THE DISTRICT COURT OF

OVERILLE DENTON THOMPSON,                    HARRIS COUNTY, TEXAS

APPLICANT.                                   185TH JUDICIAL DISTRI

— DEFENDANT OVERILLE DENTON THOMPSON'S APPLICATION FOR —

PRE-TRIAL WRIT OF HABEAS CORPUS

TEX. CRIM. PROC. CODE ANN. ART. 11.01

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, Overille Denton Thompson, Ex Parte, files this Application for Writ of Habeas Corpus for the purpose of determining the constitutionality of Defendant's restraint on the circumstantial and/or hearsay evidence of Detective W.E. Waters or determine why the Defendant should not be released on his own recognizance; or in th alternative, contest the Court's setting of Defendant's bail. In support of such Defendant swears to the Court the following:

— JURISDICTIONS —

THOMPSON, EX PARTE, brings this Great Writ pursuant to Article 5.38 and Article I §12, §3, §3a, §8, §10, §13, and §19 of the Texas Constitution, the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Articles 11.01, 11.09 11.10, 11.15, 11.24, 11.40, 11.43, and 11.46 of the Texas Code of Criminal Procedure, Texas Penal Code §37.09, §37.09(d)(1), and §37.10, and Malicious Prosecution.

Page 1

## I. FACTS –

### Challenging the Constitutionality of Defendant's Restraint
### on Circumstantial and/or Hearsay Evidence of W.F. Waters

1. On May 19, 2015, Defendant Overille Denton Thompson was charged with the offense of Murder.

2. Defendant Overille Denton Thompson is currently confined in Harris County Jail in Houston, Harris County, Texas by the Sheriff of Harris County, Texas.

3. Defendant Overille Denton Thompson has not been formally arraigned on this new charge, nor has the Defendant been accorded a probable cause hearing, evidentiary hearing, or examining trial of any kind.

4. Defendant Overille Denton Thompson has been held in custody on three (3) old pending cases since October 22, 2014. These cases according to court-appointed attorney, TOMMY LAFON/STATE BAR NO. 11789500, are totally unrelated to this new charge.

5. On June 2, 2015, Defendant Overille Denton Thompson was scheduled for a Jury Trial and supposed Pre-Trial Suppression Hearing, of which both proceedings were discontinued, according to Tommy LaFon, because of this new unrelated allegation, and it was done so against the will of the Defendant and with no showing of overriding necessity.

6. In the absence of a writ of habeas corpus, Defendant Overille Denton Thompson, Ex Parte, has no adequate remedy at law in that:

A. The Defendant's court-appointed attorney, Tommy LaFon, has been very successful in

his efforts to aid and abet prosecutors in the denial of the Defendant's constitutional and statutory rights in that:

(i) Tommy LaFon has never petitioned the Court for any of the necessary pretrial motions to prepare the Defendant for trial in the Defendant's three (3) old pending cases, i.e. Motion for Discovery, Evidentiary Hearing, etc.

(ii) Tommy LaFon has never petitioned the Court for the lawfully required bail reduction Defendant was due upon the State's unreadiness for trial 90 days from the commencement of Defendant's detention in the three (3) old pending cases.

(iii) Tommy LaFon did willfully conspire with the State, on March 23, 2015 at the Defendant's Pre-Trial Hearing, to coerce the Defendant into entering a plea of guilt for 5 years TDCJ in the Defendant's three (3) old pending cases.

(iv) Tommy LaFon did willfully conspire with the State, on June 2, 2015 at the Defendant's scheduled Jury Trial and supposed Pre-Trial Hearing, to hinder the Defendant's right to due process and relief in the three (3) old pending cases by using the new allegation as overriding necessity; a reason that is insufficient and resulted in the unfair overburdening of Defendant's case load.

(v) Tommy LaFon did willfully conspire with the State, on June 2, 2015 at the Defendant's scheduled Jury Trial and supposed Pre-Trial Hearing, in abusing his discretion and resetting all four (4) matters for Consultation, a peculiar and unusual delay of due process in the three (3) old pending cases setting the Defendant backward unfairly and against his wishes.

(vi) Tommy LaFon has had prior knowledge of evidence and criminal procedure to exculpate

Defendant in the three (3) old pending cases and refused to use that knowledge despite the Defendant's pleas to the contrary.

(vii) Tommy LaFon has from the onset, as Counsel for Defense in Defendant's three (3) old pending cases on October 28, 2015, in truth, has conspired with the State to remand the Defendant unfairly to oppressive pretrial incarceration; and it is unreasonable and illogical for the Defendant or this Court to presume that he would act otherwise in the new case.

(viii) Tommy LaFon has willfully conspired with the State by allowing the malicious prosecution of Defendant Overille Denton Thompson in the three (3) old cases, in every manner conceivable, and should be held responsible by the Court for contempt of due process and all that is constitutionally sacred.

B. Court-appointed attorney, Tommy LaFon lacks credibility, and with him as counsel, the Defendant has no chance of being heard in Court.

7. There exist a most grievable state of convolution that exist between the complaint in record and the summary report of W.F. Waters, that the Court in its impartiality and fundamental fairness should want to untwine or disentangle, especially due to the severity of the charge and Defendant's unlawful restraint.

8. None of the evidence present in the summary report of W.F. Waters raise any material fact.

9. All of the evidence in the summary report of W.F. Waters is circumstantial or hearsay.

10. The evidence in the complaint of record by W.F. Waters contains false and misleading facts

Page 4

that not only conflict with each other, but also conflict adversely with the summary report that he too authored.

11. Detective W.F. Waters lacks credibility because:

A. He purposely submitted one document of which contains no material facts and/or raises any fact issues.

B. He purposely submitted a second document knowing its falsity and presented such with the intent that it be recognized as official government record.

12. The Defendant Overille Denton Thompson on July 27, 2015 at Consultation for the new allegation, once again, was delayed in the due process of the three (3) old pending cases by court-appointed attorney, Tommy LaFon, with no showing of overriding necessity. Tommy LaFon told the Defendant that, "The prosecution will drop or dismiss the three (3) old allegations once (Defendant) you are indicted on the new allegation." He then unfairly offset, the Defendant's next scheduled hearing for August 31, 2015, a supposed Evidence Exchange, that only addresses the new case, and completely ignores the Defendant's right to relief in the three (3) old pending cases, which were set for trial on June 2, 2015, but then too, were unfairly delayed in due process by Tommy LaFon with no showing of overriding necessity. Tommy LaFon insists that the new case, itself, is overriding necessity, but the Defendant knows this to be untrue because at the trial date for the three (3) old pending cases, June 2, 2015, the Defendant was only charged the new allegation 13 days with no indictment. On July 27, 2015, the Defendant had been charged the new allegation 66 days without indictment, but Tommy LaFon insists that it had been 69 days. The actions of Tommy LaFon's have been and are in direct conflict with the interest of the Defendant and Defendant's wishes, but are in complete and total alignment with the agenda and pursuits of the prosecution, which can only support the theories of conspiracy had by the Defendant that the State and Counsel for Defense, Tommy LaFon, are deliberately working together, not for justice, but to persecute the Defendant.

## II. ARGUMENTS AND AUTHORITIES —
### (Based on Facts in Provision I)

1. On June 2, 2015, Defendant Overille Denton Thompson was scheduled for a Jury Trial and supposed Pre-Trial Suppression Hearing for the three (3) old pending cases [Cause Numbers 1445929, 1445930, and 1446657]. These necessary procedures were unfairly denied the Defendant by his court-appointed attorney, Tommy LaFon, with no true showing of overriding necessity against the Defendant's wishes violating Defendant's rights pursuant to the First, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I §3, §3a, §8, §10, §13, and §19 of the Texas Constitution, and quite possibly Texas Penal Code §37.09.

2. October 28, 2014 to June 2, 2015, court-appointed attorney, Tommy LaFon, did knowingly conspire with state prosecutors to keep Defendant Overille Denton Thompson illegally detained in oppressive pretrial incarceration in hopes of securing a guilty plea in the three (3) old pending cases, a violation of Defendant's rights pursuant to the Eighth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I §13, §10, and §19 of the Texas Constitution, and quite possibly Texas Penal Code §37.09.

3. On June 2, 2015, due process and relief in the three (3) old pending cases were denied Defendant Overille Denton Thompson, thereby over-burdening the Defendant unfairly with not one (1) new allegation but four (4). Malice can be inferred from this action in the form of:

A. gross negligence or incompetence on the behalf of court-appointed attorney, Tommy LaFon, or

B. a conscious and purposeful intent on the behalf of court-appointed attorney, Tommy LaFon and state prosecutors.

Either action is indicative of violations of the Defendant's rights pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I §10, §13, an §19 of the Texas Constitution, Malicious Prosecution, and quite possibly Texas Penal Code §37.09.

4. On June 2, 2015, Defendant Overille Denton Thompson was unfairly set backward in the due process of the three (3) old pending cases against his wishes, which were already in trial phase, for a consultation of these cases and the one (1) new case, which is to take place on July 27, 2015. This hindrance of due process and the sum of the Defendant's rights violated by court-appointed attorney, Tommy LaFon, and the State, is intolerable and unreasonable pursuant to the Fifth Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I §10, §1. and §14 of the Texas Constitution, Malicious Prosecution, and quite very possibly Texas Penal Code §37.0

5. On June 2, 2015, Defendant Overille Denton Thompson was offset in the due process of his three (3) old pending cases and the one (1) new case for a Consultation on July 27, 2015. This unusual and lengthy delay is significant because it demonstrates the conspiratorial efforts between court appointed attorney, Tommy LaFon, and state prosecutors to undermine the Defendant's constitution and statutory rights, thereby remanding the Defendant to unlawful and oppressive pretrial restrain and torture the Defendant with the deprivation of his liberty, in hopes of coercing the Defendant into wrongly accepting a plea of guilt with no other apparent remedy at law available to him. This tactic is reprehensible and violates Defendant's rights pursuant to the Eighth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I §13, §10, and §19 of the Texas Constitution, Malicious Prosecution, and quite possibly Texas Penal Code §37.09.

6. The fact that Tommy LaFon has not filed the necessary pretrial motions (i.e. motion for discovery, evidentiary hearing, bail reduction, etc.) to support the Defendant Overille Denton Thompson's constitutional and statutory rights, before trial and at subsequent trial, should be enough to evince the Court of court-appointed attorney, Tommy LaFon's ineffective and insufficient

Page 7

counsel pursuant to the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, Article I §10, §13, and §19 of the Texas Constitution, and possibly Texas Penal Code §37.09.

A. Kimmelman v. Morrison, 91 L.Ed.2d. 305 (1986)
   (finds ineffective assistance of counsel where counsel conducted no pretrial discovery and failed to file a timely suppression motion against prosecutor's evidence).

7. No evidentiary hearing has been asserted by court-appointed attorney, Tommy LaFon, which could have offered Defendant Overille Denton Thompson relief in the three (3) old pending cases months ago. This prejudiced the Defendant by remanding him unlawfully to oppressive pretrial restraint.

A. Strickland v. Washington, 80 L.Ed.2d. 674, 698 (1984)
   (holds that the appropriate test for prejudice is that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" and defining "reasonable probability" as "a probability sufficient to undermine confidence in the outcome").

8. On June 1, 2015, Defendant Overille Denton Thompson did receive a summary report based on the new allegation from court-appointed attorney, Tommy LaFon. In this summary report, no material facts are raised that justify the issuance of the charge, Murder, against the Defendant. In fact, all of the accounts disclosed by the author of said document, Detective W.F. Waters, are circumstantial in nature and amount to hearsay or simple conjecture.

A. West Headnote Number 25,
   (for purposes of malicious prosecution claim, presence of malice can be inferred from circumstantial evidence demonstrating absence of full and fair disclosure in good faith) analysis adopted in Digby v. Texas Bank, 943 S.W.2d 914 (1997).

Page 8

9. There are no material facts or any other issue of fact raised in the summary report of Detective W.F. Waters and it is unreasonable for the Court to determine such without proper evidentiary hearing.

A. Nunes v. Mueller, 350 F. 3d 1045, 1055 (9th Cir. 2003) (finding lack of evidentiary hearing inadequate to find "Facts").

10. The credibility of the witnesses are in question as well as that of the author, Detective W.F. Waters, for presenting circumstantial evidence with the intent it be accepted as fact which aforesaid Provision II (8)(A) of this Writ, plainly states infers malice. Subsequently with no material facts to support it, the credibility of the summary report becomes issue as well.

A. West Headnote Number 24 states that : Court of Criminal Appeals could not assess credibility of witnesses, in evaluating whether summary judgement evidence raised genuine issue of material fact as to malicious prosecution claim. Digby v. Texas Banks, 943 S.W. 2d. 914 (1997)

11. No presumption of guilt arises from mere fact that a criminal accusation has been made before a competent authority, therefore probable cause must exist which must be supported by material fact pursuant to Article 11.43 of the Texas Code of Criminal Procedure.

12. The complaint in record by W.F. Waters is a convoluted wreck of deception that was fabricated in reckless and total disregard for the truth; and was done deliberately by the affiant, W.F. Waters to affect the course or outcome of this criminal procedure pursuant to Texas Penal Code 937.09 and 937.10.

13. Though it is the Defendant Overille Denton Thompson who stands accused of crimes, it appears truly that the real criminals are his accusers in that:

A. The affiant, BRYAN A. DAVIS, fabricated physical evidence, namely an AFFIDAVIT, of which knowin its falsity presented it as a legitimate government record, that subsequently led to the unlawful arrest of the defendant in the three (3) old pending cases pursuant to Texas Penal Code §37.09 and §37.10,

B. The affiant, W.F. WATERS, fabricated physical evidence, namely a COMPLAINT, of which knowing its falsity presented it as a legitimate government record, that has led wrongly to the Defendant being unlawfully charged with the alleged offense in this case pursuant to Texas Penal Code §37. and §37.10,

(i) Carrion v State (App. 11 Dist. 1996) 926 S.W. 2d
(Evidence was factually and legally sufficient to support defendant's conviction for fabricating physical evidence; defendant made false report to police officer and upon affidavit, defendant adopted its contents knowing that affidavit was to be used to affect outcome of investigation against alleged perpetrator.)

For the purposes of this case law, the defendant is Bryan A. Davis, M.F. Waters, and very much possibly Meredith Daniels. The alleged perpetrator is Defendant Overille Denton Thompson.

C. The police informer, MEREDITH DANIELS, who lacking credibility because of her criminal history but has supposedly according to the summary report of W.F. Waters admitted to:

(i) witnessing a human corpse under circumstances in which a reasonable person would have

Page 10

believed that a criminal offense had been committed,

(ii) she knew or reasonably should have known that a law enforcement agency was not aware of the existence of or location of the corpse, and

(iii) she fatally failed to report the existence of and location of the corpse to a law enforcement agency,

pursuant to Texas Penal Code §37.09(d)(1), if Meredith Daniels is telling the truth, she is guilty of tampering.

(a) Waldrop v State (App. 6 Dist. 2007) 219 S.W.3d 531
(Under the statute criminalizing the fabrication of evidence, which provides that a person commits an offense if knowing that an investigation or official proceeding is pending or in progress, he or she presents any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding, if the link between the person or persons to whom an actor presents the falsified material becomes too tenuous, then the issue raised will go to the intent element of the offense rather than the one who is not directly connected to the investigation, then the issue may arise whether the actor intended that such evidence affect the outcome of the investigation.)

Specifically for the purposes of this case law, the actor is Meredith Daniels.

14. The Defendant Overille Denton Thompson on July 27, 2015 at Consultation for the new allegation (discussed in Provision I (12) of this document) again was denied relief in the three (3) old pending cases with no sense of strategy or any showing of over-riding necessity by his court-appointed attorney, Tommy LaFon, then was set on August 31, 2015 for Evidence Exchange on the new

allegation, and again offered no relief in the three(3) old pending cases. Therefore, it is reasonable that it is not coincidence or mere incompetence that Tommy LaFon has failed to represent his client (the Defendant) sufficiently but rather concentrated and concerted effort. The reckless and brazen disregard for the Defendant's constitutional and statutory rights, historically demonstrated by both Counsel for Defense, Tommy LaFon, and the State, through their handling of the Defendant's cases are violations pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I §3, §3a, §10, §13, §19 of the Texas Constitution, Malicious Prosecution, and definitively Texas Penal Code §37.09.

15. THEREFORE, upon the hearing of this Writ of Habeas Corpus, Defendant Overille Denton Thompson, Ex Parte, does respectfully invoke the jurisdiction of the Court to issue the Writ without delay and hear it on the earliest possible day, recognizing the Defendant's inadequate representation and oppressive pretrial restraint as overriding necessity for such; and being a nisi prius court, examine all the documents submitted by W.E. Waters and any other evidence in possession of state prosecutors, and upon the Court's findings, grant the Defendant a discharge from custody in the form of a dismissal of the case or release on his own recognizance pursuant to Article 5.98 and Article I §12, §10, §13, and §19 of the Texas Constitution, the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Articles 11.46, 11.43, 11.01, 11.05, 11.10, 11.11, 11.15, 11.24, and 11.40 of the Texas Code of Criminal Procedure.

16. A judge has no discretion to ignore statutory requirements. Edward v. State, 10 S.W. 3d 699 (1999)

17. Court of Criminal Appeals is not a nisi prius court, and has no way of hearing case on facts except by appeal from court below in which facts have been heard and preserved in record. Ex Parte Day (Cr. App. 1933) 125 Tex. Crim. 9

Page 12

## III. FACTS –

### Challenging Illegal Restraint on Excessive Bail Amount

1. On May 19, 2015, Defendant Overille Denton Thompson was charged with Murder. This offense is bailable under Texas Law.

2. June 2, 2015, the Court set bail for Defendant at $75,000. The Defendant does not have access to the order setting bail, therefore such order is not hereto attached.

3. The bail set by this Court is excessive in that:

a. The Defendant has multiple bail amounts due to multiple case loads that total $135,000.

b. The Defendant's restraint in this case is unlawful because there exist no material facts in record to support the probable cause for the issuance of the charge.

4. Defendant Overille Denton Thompson, has made a genuine effort, both individually and through his friends and family, to post total bail amount in the amount of $135,000, but has been unsuccessful in raising the money necessary to pay the professional bondsman fee for the posting of bail amount of $13,500.

5. Defendant Overille Denton Thompson is indigent but does have faithful friends and family who could adequately secure a surety bond for Defendant's collective cases in the amount of $30,000. To reflect such amount individually in this case Defendant respectfully submits the reduced prorated amount of $15,000.

6. The Defendant has been incarcerated at Harris County Jail in Harris County, Texas since October 22, 2014 on the three (3) old pending cases and now this new allegation, because the Defendant lacks

the resources for bail.

7. Defendant Overille Denton Thompson has been prejudiced by his court-appointed attorney, Tommy LaFon, and the State, for their refusal to address the three (3) old allegations, unfairly overburdening the Defendant with not one (1) but four (4) cases, and all of which possess insufficient probable cause to justify the Defendant's oppressive pretrial custody.

8. The Defendant Overille Denton Thompson can safely be released on his own recognizance in that:

a. The Defendant is innocent of the offense wrongly charged him, and is confident in the merits of this case to prove such.

b. There is no apparent guilt on the behalf of the Defendant.

c. There are no material facts or any fact issues raised that support the illegal restraint of the Defendant.

d. All the evidence in this case is hearsay or circumstantial in nature.

e. The only crimes apparent in this matter and the old are those perpetrated by the Defendant accusers.

f. The Defendant presents no eminent threat to the public or witnesses against him.

g. The Defendant has faithful friends and family who will help support him financially as h becomes acclimated again to social norms.

## IV. ARGUMENTS AND AUTHORITIES —
### (Based on Facts in Provision III)

1. In the absence of the issuance of a writ of habeas corpus, Defendant Overille Denton Thompson, Ex Parte has no other remedy at law in that:

a. The Defendant has been held in a holdover while attending court in this matter, unable to see the courtroom or face of the judge, with virtually no voice or representation in the Court due to the inadequate counsel of court-appointed attorney, Tommy LaFon, the Defendant has been effectively gagged in his constitutional right to be heard, in violation of Defendant's rights pursuant to Article I §10, §8, §3, §3a, §13, and §19 of the Texas Constitution, the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and very possibly Texas Penal Code §37.09.

b. The Defendant's court-appointed attorney, Tommy LaFon lacks credibility to handle this case, which is evident historically from his past handling of Defendant's three (3) old pending cases, a violation of Defendant's rights pursuant to the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Articles I §10 and §19 of the Texas Constitution.

c. The Defendant must protect his own constitutional and statutory rights due to apparent lack of adequate counsel, in the guise of court-appointed attorney, Tommy LaFon, and, especially in light of the severity of all the Defendant's cases pursuant to Article I §3, §3a, §10, and §19 of the Texas Constitution, and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

d. The Defendant is prejudiced by unlawful restraint because he cannot afford bail and is therefor punished without conviction pursuant to the Eighth, Fifth, Sixth, and Fourteenth Amendments

of the United States Constitution, Article I. §13, §10, and §19 of the Texas Constitution, and Article 11.24 of the Texas Code of Criminal Procedure.

e. Defendant's oppressive pretrial incarceration for a crime of which there are no material facts raised to support the probable cause for the issuance of the charge, is in fact a tort; and because there is no evidence in record to support the offense charged to the Defendant, the charge should be dismissed and the Defendant subsequently discharged pursuant to Malicious Prosecution, and Articles 11.46, 11.43, and 11.40 of the Texas Code of Criminal Procedure.

f. The Defendant is being held for a crime that he is only accused of committing with no sufficient facts in record to support such and should rightly be discharged instead of remanded to bail in this case pursuant to Articles 11.43 and 11.40 of the Texas Code of Criminal Procedure.

2. In support of Tex. Crim. Proc. Code Ann. Art. 11.43 "Presumption of Innocence," Defendant Overille Denton Thompson shows the Court the following:

a. Ex parte Garcia (Cr. App. 1977) 547 S.W. 2d 271
   (Truth of accusation, as may be examined during examining trial, may not be based upon accusation alone; such a conclusion would render examining trial a useless thing, a mere reenactment of earlier determination of whether arrest warrant should issue.)

b. Ex parte Garcia (Cr. App. 1977) 547 S.W. 2d 271
   (Despite how sparse or how abundant the probable cause stated in a complaint and information, fact remains that information is a criminal accusation within prohibition of this article.)

3. In support of Tex. Crim. Proc. Code Ann. Art. 11.46, "If Proof Shows Offense," Defendant Overille Denton Thompson shows the Court the following:

Page 16

a. *Ex parte Guynn* (Cr. App. 1930) 32 S.W. 2d 187

(Applicant for habeas corpus charged before justice of peace with robbery was entitled to discharge from custody, evidence not establishing probable cause to believe applicant committed offense.)

b. **Ex parte** Williams (Cr. App. 1979) 587 S.W. 2d 391

(If one who is held in custody under complaint seeks release by habeas corpus, it is incumbent upon the State to introduce against him sufficient evidence to show probable cause for holding him in custody.)

4. *Ex parte Villareal* (Cr. App. 1916) 187 S.W. 214

(The burden of proof, in habeas corpus, for a reduction of bail and a discharge from custody is upon the state, which must show probable cause for holding the arrested party.

5. Any Pre-Trial detention for failure to make bail amount presently denies Defendant Averille Denton Thompson the following required privileges in that:

a. The Defendant will be denied adequate representation because presently incarcerated and unable to work, the Defendant will be forced to endure the same insufficient counsel and/or have that counsel replaced with one potentially as inept.

b. The Defendant will be denied compulsory process for obtaining witnesses on his behalf, also primarily due to inadequate counsel and his credibility.

c. The Defendant will not enjoy the presumption of innocence before proven guilty with due process of law and will remain in oppressive pretrial restraint with no showing of over riding necessity.

Page 17

d. The Defendant will be prejudiced at his subsequent trial on the merits by Pre-Trial incarceration and will be deprived of his fundamental rights of fairness at trial and/or punishment stage, if such be deemed necessary.

These violations come pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I §10, §13, and §19 of the Texas Constitution, Malicious Prosecution, Articles 11.24, 11.43, and 11.40 of the Texas Code of Criminal Procedure, and possibly Texas Penal Code §37.09.

6. THEREFORE, Defendant Overille Denton Thompson, Ex Parte, does respectfully invoke the jurisdiction of the District Court to issue the writ without delay and hear it at the earliest possible time whereupon the presumption of innocence, the judge or court shall examine the writ and papers attached, and if no legal cause be shown for the Defendant's restraint, the Court shall issue the order to discharge, or in the alternative, reduce the bail to reflect the Defendant's evidence of guilt in this case, pursuant to Article 5.58 and Article I §12, §10, §13, and §19 of the Texas Constitution, Eighth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Articles 11.46, 11.43, 11.01, 11.05, 11.10, 11.11, 11.15, 11.24, and 11.40 of the Texas Code of Criminal Procedure.

7. McGee v. State (Tex. Crim. App. 1986) 711 S.W. 2d 257
(held that the trial court was bound to comply, with the mandatory language of the statute.)

Page 18

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Orville Benton Thompson humbly prays that the Court issues this Writ of Habeas Corpus for the purpose of determining the constitutionality of Defendant's restraint on the circumstantial and/or hearsay of Detective W.F. Waters and dismiss the accusation charged in this matter or release the Defendant on his own recognizance; or in the alternative, reduce the bail amount to reflect the Defendant's guilt in the case.

Respectfully submitted,

*Orville B. Thompson, Jr.*
Applicant

VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

Overille Denton Thompson, being duly sworn, under oath says:

"I am the applicant in this action and know the contents of the above Application for Writ of Habeas Corpus, and according to my belief, the facts stated in the Application are true."

L JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT 29, 2017

_Orville P. Thompson, Jr._
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 27 DAY OF August 2015.

Signature of Notary Public

NO. 1468823

EX PARTE                                    THE DISTRICT COURT OF

OVERILLE DENTON THOMPSON,                    HARRIS COUNTY, TEXAS

APPLICANT.                                   185TH JUDICIAL DISTRICT


### CERTIFICATE OF COMPLIANCE


Defendant Overille Denton Thompson submits this, his Certificate of Compliance in the above-captioned cause, having served an application for writ of habeas corpus on the District Attorney's Office of Harris County, Texas, and hereby certifies that the number of words in the Application is 3,409 _____.


_Overille D. Thompson Jr._
Applicant

NO. 1468823

EX PARTE                                    THE DISTRICT COURT O

OVERILLE DENTON THOMPSON,                   HARRIS COUNTY, TEXAS

APPLICANT.                                  185TH JUDICIAL DISTRI

## CERTIFICATE OF SERVICE

I, Overille Denton Thompson, certify that on August 27, 2015, a true copy of the preceding Application for Writ of Habeas Corpus has been served on the 185th Judicial District Court of Harris County, Texas by U.S. Mail to Chris Daniel, Harris County District Clerk, and the Court of Criminal Appeals in Austin, Texas as evidence of such, as well as the State Commission on Judicial Conduct.

Overille D. Thompson Jr.

Overille Denton Thompson, Jr.

NO. 1468823

EX PARTE                                          THE DISTRICT COURT OF

OVERILLE DENTON THOMPSON,                          HARRIS COUNTY, TEXAS

APPLICANT.                                         185TH JUDICIAL DISTRICT

— DEFENDANT OVERILLE DENTON THOMPSON'S APPLICATION FOR —
PRE-TRIAL WRIT OF HABEAS CORPUS
APPENDIX

1. Carrion v. State (App. 11 Dist. 1996) 926 S.W. 2d 625          Page 10
2. Digby v. Texas Bank, 943 S.W. 2d 914 (1997)                    Pages 8, 9
3. Edward v. State, 10 S.W. 3d 699 (1999)                         Page 12
4. Ex parte Day (Cr. App. 1933) 125 Tex. Crim. 9                  Page 12
5. Ex parte Garcia (Cr. App. 1977) 547 S.W. 2d 271                Page 14
6. Ex parte Guiynn (Cr. App. 1930) 32 S.W. 2d 187                 Page 15
7. Ex parte Villareal (Cr. App. 1916) 187 S.W. 214               Page 15
8. Ex parte Williams (Cr. App. 1979) 587 S.W. 2d 391              Page 15
9. Kimmel v. Morrison, 91 L. Ed. 2d, 305 (1986                    Page 8

10. Malicious Prosecution                                         Pages 1, 7, 12, 16

11. McGee v. State (Tex. Crim. App. 1986) 711 S.W. 2d 257        Page 16
12. Nunes v. Mueller, 350 F. 3d 1045, 1055 (9th Cir. 2003)       Page 9

13. Strickland v. Washington, 80 L.Ed.2d 674, 698 (1984)     Page 8

14. Texas Code of Criminal Procedure:

Article 11.01     Pages 1,12,16     Article 11.24     Pages 1,12,14,16

Article 11.05     Pages 1,12,16     Article 11.40     Pages 1,12,14,16

Article 11.10     Pages 1,12,16     Article 11.43     Pages 1,9,12,14,16

Article 11.11     Pages 1,12,16     Article 11.46     Pages 1,12,14,16

Article 11.15     Pages 1,12,16

15. Texas Constitution:

Article I §3      Pages 1,6,12,13

        §3a      Pages 1,6,12,13

        §8       Pages 1,6,13

        §10      Pages 1,6,7,8,12,13,14,16

        §12      Pages 1,12,16

        §13      Pages 1,6,7,8,12,13,14,16

        §14      Pages 1,6,7,8,12,13,14,16

Article 5 §8     Pages 1,12,16

16. Texas Penal Code:

§37.09           Pages 1,6,7,8,9,10,12,13,16

§37.09(d)(1)     Pages 1,11

§37.10           Pages 1,9,10

17. United States Constitution:

First Amendment   Pages 1,6

Fifth Amendment   Pages 1,6,7,8,12,13,16

Sixth Amendment          Pages 1, 6, 7, 8, 12, 13, 16
Eighth Amendment         Pages 1, 6, 7, 8, 12, 13, 16
Fourteenth Amendment     Pages 1, 6, 7, 8, 12, 13, 16

18. Waldrop v. State (App. 6 Dist. 2007) 219 S.W. 3d 531          Page 11